**Christopher J. MYLETT,
Plaintiff–Appellant,**

v.

**L.M. JEANE, et al.,
Defendants–Appellees.**

**Nos. 88–2406, 88–6120.**

United States Court of Appeals,
Fifth Circuit.

Aug. 11, 1989.

Rehearing Denied Sept. 28, 1989.

---

David T. Lopez, Houston, Tex., for plaintiff-appellant.

John Eckel, Richard Crowther, Mills, Shirley, Eckel & Bassett, Galveston, Tex., for defendants-appellees.

Jose Cantu, Jr., Pasadena, Tex., for Kenneth R. Adams.

Before GEE, REAVLEY and JOLLY, Circuit Judges.

PER CURIAM:

Christopher Mylett appeals from the judgment entered against him in his civil rights case against the City of Santa Fe, numerous Santa Fe officials, and an individual, Kenneth Adams. He also appeals from the magistrate's order on motion for reconsideration. We affirm in part and remand.

## I

The actions Christopher Mylett challenges occurred while he was a reserve police officer employed by the City of Santa Fe. Before he worked for Santa Fe,

Mylett had been employed as an officer with the City of Pasadena. He was fired from that job, and brought suit against the City of Pasadena and various other defendants, alleging that he had been fired in retaliation for his arrest of the son of a fellow officer. Mylett then took a job with the City of Hitchcock, and was also fired from that position, allegedly after Kenneth Adams, a Pasadena police officer and friend of the officer whose son had been arrested, contacted the Hitchcock chief of police. It was then that Mylett found employment with the City of Santa Fe.

While employed by Santa Fe, Mylett participated in the arrest of the wife of a prominent citizen, which resulted in some publicity in the community. About a week after the incident, on June 4, 1984, the Santa Fe City Council voted to amend the city's auxiliary officer ordinance to disqualify officers who resided outside the Santa Fe Independent School District from acting as reserve officers. This affected Mylett and one other reserve officer living outside the district. On June 19, 1984, the proposed ordinance came up for final consideration and it was decided that the ordinance should include a "grandfather exception" to the residency requirement, stating that the requirement would not apply to existing reserve officers currently residing outside the school district limits. The ordinance was withdrawn and referred to the city attorney for redrafting to include the grandfather exception. While the city council was still in session, the police chief delivered to the city manager a form he had filled out which would cause Mylett to be fired.

On June 20, 1984 Mylett filed this suit under 42 U.S.C. § 1983, alleging that the defendants had fired him in violation of his first amendment rights because of his pending suit against the City of Pasadena and certain of its officers. Mylett also alleged that Santa Fe's residency ordinance constituted an unlawful Bill of Attainder, and sought a preliminary injunction prohibiting Santa Fe from enforcing the ordinance. The district court denied the motion for the injunction.

On April 8, 1987, the parties consented to trial before a magistrate and executed a consent form. Trial was set for June 29, 1987. On the date set for trial, the magistrate continued the case on his own motion. On August 14, 1987, Mylett moved to withdraw his consent for trial before a magistrate on the grounds that neither Mylett nor his counsel, David Lopez, had been informed at the time of their consent that trial would be before a part-time, rather than full-time, magistrate. The motion was denied on September 15.

The case finally went to trial on February 25, 1988, and the jury returned a verdict for the Santa Fe defendants. The jury made two findings: first, that in enacting the ordinance requiring residency qualifications for reserve police officers, the city council of Santa Fe had not intended to disqualify Mylett personally; and second, that Mylett's lawsuit against Pasadena was not a substantial motivating factor in the defendants' action to remove Mylett from his position of reserve officer. Mylett moved for a new trial.

On March 18, 1988 the Santa Fe defendants filed a bill of costs, totalling $5,345.48. Mylett moved for review and denial of costs. On March 29, 1988, the defendants then filed a motion for attorneys' fees and to tax costs. On April 5, 1988, judgment was entered in the case, taxing costs to the plaintiff.

Mylett's motion for new trial was denied on April 7. On April 20, 1988, the court granted Santa Fe's motion for attorney's fees and to tax costs, and required that Mylett satisfy the claim for costs within sixty days of the date of the order. The court also ordered that Lopez was responsible for securing payment of the costs, and would be personally obligated for them if Mylett failed to pay them in the prescribed period. The Santa Fe defendants were further instructed to file an accounting for attorneys' fees. This they did on April 28, in the amount of $46,578.45.

On May 16, 1988, Mylett moved for sanctions under Rule 11 against the defendants, based on their request for attorneys' fees. The magistrate denied this motion on July

27, 1988, and imposed a sanction of $2,500 against Lopez for filing the motion for sanctions. In the same order, the magistrate awarded the defendants fifty percent of the amount they had claimed as attorneys' fees, or $23,289.22, and stated that this was to be paid in addition to the $5,345.48 costs already directed to be paid by the court's order of April 20, 1988.

## II

On appeal, Mylett and his counsel Lopez argue that the district court (1) erred in refusing Mylett's request to withdraw his consent to trial before a magistrate; (2) committed prejudicial error in dismissing defendant Adams; (3) erred in denying Mylett's motion for a new trial; and (4) abused its discretion in awarding attorneys' fees and Rule 11 sanctions to the defendants.

■ After reviewing the record, we find that Mylett's first three challenges are meritless. Mylett concedes that he consented to trial by a full-time magistrate under 28 U.S.C. § 636(c). He contends, however, that in order to consent to trial before a part-time magistrate under the statute, parties must file a specific written request form in addition to the consent form. In *Archie v. Christian*, 808 F.2d 1132 (5th Cir.1987) (en banc), we held that the failure to obtain proper consent from all parties before trying a case before a magistrate was a procedural defect which could be waived. Mylett failed to object to referral to the part-time magistrate until four months after the referral, and after the pretrial conference had been held. This constituted a waiver of any procedural defect in the referral.

■ As to the dismissal of defendant Adams, in order to find a private citizen liable under section 1983, the plaintiff must allege and prove that the citizen conspired with or acted in concert with state actors. *Adickes v. S. Kress Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The district court did not err in holding that the evidence was insufficient to show that Adams and the Santa Fe defendants had agreed to commit an illegal act. The fact that Adams may have approached certain of the defendants to urge that Mylett be fired is not enough for Mylett to establish his case against Adams based on conspiracy under section 1983.

■ Nor did the magistrate abuse his discretion in denying Mylett's motion for new trial. The jury found that Santa Fe's residency ordinance was not intended to disqualify Mylett personally. Mylett claims that this finding is against the great weight of the evidence. There was evidence that Santa Fe's ordinance was enacted to counteract perceived public dissatisfaction with the police department and that the ordinance was retained after Mylett was fired. A reasonable jury could have concluded that Santa Fe's ordinance was not directed at the plaintiff especially since the ordinance was only proposed, and not in effect at the time Mylett was fired; moreover, even if it had been in effect, Mylett would have been excepted by the grandfather clause. "Reversal is justified only when we can assure ourselves that the jury acted as no reasonable jury could." *Melear v. Spears*, 862 F.2d 1177, 1187 (5th Cir.1989). Therefore, the magistrate did not err in denying Mylett's motion for new trial.

■ Mylett's fourth claim of error is more problematic. First, we note that to the extent Lopez appeals on his own behalf from the $2,500 Rule 11 sanction imposed against him, we have no jurisdiction over his appeal. The magistrate clearly imposed the Rule 11 sanction against Lopez only, and not against Mylett, his client, for the filing of the motion for sanctions against the Santa Fe defendants. The notice of appeal, though, is in Mylett's name only. When an award of sanctions runs only against the attorney, the attorney is the party in interest and must appeal in his or her own name. *Torres v. Oakland Scavenger Co.*, — U.S. —, 108 S.Ct. 2405, 2407–09, 101 L.Ed.2d 285 (1988); *DeLuca v. Long Island Lighting Co.*, 862 F.2d 427, 429 (2d. Cir.1988). Therefore, we are without jurisdiction to hear Lopez's appeal.

■ Turning now to the attorneys' fees assessed against the plaintiff, we must ad-

mit that from the record it is unclear to us whether attorneys' fees were assessed only against Mylett, or against Mylett with Lopez responsible for securing the payment of those fees if not timely paid by his client, as was done with costs by the court's April 20, 1988 order. Nor are we able to determine whether those attorneys' fees were awarded against the plaintiff under 42 U.S.C. § 1988 or under Rule 11. Accordingly, we are compelled to remand this case so that the trial court may better articulate its method and rationale for its award of attorneys' fees. Only with a clearer record will we be equipped to effectively review the issue of attorney's fees in the event of a further appeal.

### III

For the above reasons, the judgment of the district court is

AFFIRMED IN PART and REMANDED.