United States Court of Appeals,

Fifth Circuit.

No. 91–2348.

MENDES JUNIOR INTERNATIONAL COMPANY, Plaintiff–Appellant,

v.

M/V SOKAI MARU, et al., Defendants,

Atlanta Maritime Corporation and Sanko Kisen KK, Defendants–Appellees.

Dec. 8, 1992.

Appeals from the United States District Court for the Southern District of Texas.

Before REYNALDO G. GARZA, GARWOOD, and DUHÉ, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiff-appellant Mendes Junior International Company (Mendes) appeals an adverse judgment of the United States Magistrate Judge finding its claims time-barred and awarding damages in favor of appellee Atlanta Maritime Agency (AMC) on its counterclaims. 758 F.Supp. 1169 (S.D.Tex.1991). We vacate because the magistrate judge lacked any authority to enter judgment.

**Facts and Proceedings Below**

This dispute arises out of a contract to ship supplies from South America to Iraq in the early 1980s. Mendes had a contract to build a railroad in Iraq. Mendes consulted Agenave Maritime Agency (Agenave) regarding shipments of supplies to Iraq, and Agenave, as agent for time-charterers, undertook to engage appropriate vessels for Mendes.

Agenave booked several ships with AMC, a time-charterer in Houston. One of these ships, the M/V Sokai Maru, left Brazil in December 1980 to sail for the Middle East. The Sokai Maru apparently sailed to the Port of Aqaba, Jordan, but because of congestion, simply registered there instead of discharging its cargo.[1] The Sokai Maru proceeded to Jeddah, Saudi Arabia to unload other

---

[1]At this time, Iraq and Iran were at war. Because of that, ships could no longer call at Basrah, Iraq, and Aqaba had become the Iraqi-designated port-of-call for Iraq-bound cargos. Aqaba was very congested, with an alleged seven to ten week delay between the time a vessel registered at the port and the time the vessel was able to berth.

cargo. At Jeddah, the Sokai Maru was detained for over a month because the Saudis claimed that the ship was on the Arab blacklist. The Sokai Maru then returned to Aqaba, but was only able to unload a small part of Mendes's cargo. She then proceeded to Kuwait and discharged the remainder of Mendes's cargo.

Thereafter, Mendes sued the Sokai Maru, *in rem,* her owners, her time-chartered owners, and her charterers (AMC) for damages arising out of the cargo's delay. The district court dismissed the action against the owners and time-charterers for lack of personal jurisdiction. AMC counterclaimed against Mendes for amounts due from this and other voyages.

The case was tried before District Judge Sterling in June 1985. Judge Sterling took the case under advisement, but died before handing down a decision. On April 25, 1988, Magistrate Judge Karen Brown entered a "Minute Entry" stating that a telephone conference had been held with counsel for both parties and ordering the parties to file a joint consent form within thirty days if the parties consented to "proceeding before the undersigned judge." In June 1988, the parties filed a document entitled "Consent to Proceed Before United States Magistrate Karen K. Brown—Civil Case." The body of the form states that the parties "consent to have United States Magistrate Karen K. Brown conduct any and all further proceedings in the case, including ... order the entry of judgment." The bottom portion of this document is an "Order of Reference" signed by District Judge John Singleton assigning "the above-captioned matter to United States Magistrate Karen K. Brown for conducting all further proceedings in the case, including ... the entry of final judgment in accordance with 28 U.S.C. § 636(c) and the above consent of the parties."[2] Before Magistrate Judge Brown was able to enter judgment, however, she was elevated to the bankruptcy bench. A docket sheet entry dated April 17, 1990 states that "This case has been transferred to the docket of Magistrate Francis H. Stacy. fs." The record, however, does not include a Consent to Proceed before Magistrate Judge Stacy or an Order of Reference transferring the case to (or specially designating) Magistrate Judge Stacy under section 636(c)(1). The record does include a letter from Mendes to

---

[2]This order of reference follows that set out in Form 34 to the Appendix of Forms following the Federal Rules of Civil Procedure. The Form 34 order is case specific and contemplates designation of a named magistrate.

Magistrate Judge Stacy agreeing to resetting the date of closing arguments.

Magistrate Judge Stacy reheard final arguments from counsel on November 28, 1990. None of the parties objected to Magistrate Judge Stacy's hearing closing arguments. In April 1991, she entered final judgment against Mendes on the grounds that its claim was barred by the statute of limitations. Magistrate Judge Stacy also rendered judgment in favor of AMC on its counterclaims. No claim was made below that Magistrate Judge Stacy lacked authority to enter judgment. Mendes now appeals.

## Discussion

In addition to challenging the judgment below on its merits, Mendes contends for the first time on appeal that Magistrate Judge Stacy lacked jurisdiction to enter judgment because the parties never consented to have her try the case and enter final judgment. Because we agree that Magistrate Judge Stacy totally lacked authority to enter judgment, we do not reach the merits.

28 U.S.C. section 636(c)(1) provides that "[u]pon the consent of the parties, a full-time United States magistrate ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." 28 U.S.C. § 636(c)(1). Mendes and AMC filed such a consent in June 1988 to Magistrate Judge Brown's trying the case, and District Judge John Singleton specially designated Magistrate Judge Karen Brown to try the case and enter judgment. However, the parties never formally consented to Magistrate Judge Stacy's trying the case and no order of reference was ever filed transferring the case to Magistrate Judge Stacy or otherwise specially designating her under section 636(c)(1). Because there is no Consent to Proceed before Magistrate Judge Stacy, Mendes argues that jurisdiction is lacking.

Mendes relies on our decision in *Caprera v. Jacobs,* 790 F.2d 442 (5th Cir.1986) in support of its contention that Magistrate Judge Stacy lacked jurisdiction to enter judgment in this case. In *Caprera,* after the original plaintiffs and defendants consented to a magistrate trying the case pursuant to 28 U.S.C. § 636(c), the plaintiffs amended their complaint to name new defendants and state new causes of actions. These added defendants never expressly consented to trial by a magistrate, but

were represented by counsel for the original defendants. The magistrate granted the defendants' motion to dismiss for failure to state a claim. The plaintiffs filed a Rule 60(b) motion to reconsider, arguing that the order of dismissal was void because the defendants named in the additional complaint had not consented to the magistrate's jurisdiction to enter final judgment. We agreed, and vacated the order dismissing the case. *Id.* at 445–46. We stressed that "consent to proceed before a magistrate [must] be explicit." *Id.* at 445 (citing *Parks v. Collins,* 761 F.2d 1101, 1106 (5th Cir.1985) and cases from the Seventh and Ninth Circuits). We also refused to "infer this statutorily required consent from the conduct of the parties." *Id.* We noted the problem of allowing a party "to remain silent on the jurisdictional problem while awaiting the magistrate's decision, knowing it will get a second chance from the appellate court should the magistrate rule against the party," but concluded that "when the objection is to jurisdiction, it cannot be waived." *Id.*

In contrast, AMC relies on our subsequent decisions in *Mylett v. Jeane,* 879 F.2d 1272 (5th Cir.1989) and *Archie v. Christian,* 808 F.2d 1132 (5th Cir.1987) (en banc). In *Mylett,* the parties consented to a trial before a magistrate and signed a written consent form. Shortly before trial, Mylett moved to withdraw his consent because neither his attorney nor he had been informed that trial would be before a part-time magistrate. The magistrate denied the motion to withdraw consent. On appeal, we held that no jurisdictional problem existed because "the failure to obtain proper consent from all parties before trying a case before a magistrate was a procedural defect which could be waived." *Mylett,* 879 F.2d at 1275 (citing *Archie v. Christian*). We thus concluded that because Mylett failed to object to the referral to a part-time magistrate until after the pretrial conference had been held, he had waived any procedural defect in the referral. *Id.*

AMC relies on *Mylett* for the proposition that any defect in the transfer of this case to Magistrate Judge Stacy was procedural and thus was waived because Mendes did not object until appeal. *Mylett,* however, is inapposite. Mylett's contention on appeal was that "in order to consent to trial before a part-time magistrate under the statute, parties must file a specific written request form *in addition to* the consent form." *Id.* (emphasis added). While the case does not detail the exact terms of what Mylett consented to, it appears that the parties simply consented to trial by "a

magistrate."  As such, the case did not present a jurisdictional issue, but instead only a procedural issue of whether a specific request *in addition* to the consent was necessary.  Mylett never argued (as Mendes does here) that he only consented to trial by a specific (e.g., full-time) magistrate and thus his consent was ineffective if trial was by a different (e.g., part-time) magistrate.  Moreover, *Mylett* apparently did not present a situation, such as that here, where the record reflected no district court order referring the case to or specially designating the magistrate as per section 636(c)(1).

Neither do we find *Archie* to be controlling.  In *Archie,* the case was tried before a jury with a magistrate presiding.  The defendants objected to the magistrate and demanded an Article III judge before trial;  after the jury awarded the plaintiff no damages, however, the defendants no longer objected.  The magistrate filed a report with the district court recommending that the findings of the jury be adopted.  The district court adopted the report and entered judgment for defendants on the verdict.  The plaintiff appealed, raising only substantive issues.  A panel of our Court determined *sua sponte* that the magistrate was without jurisdiction to conduct the proceedings and vacated the trial court's judgment. *See Archie v. Christian,* 768 F.2d 726, 727 (5th Cir.1985), *vacated,* 808 F.2d 1132 (5th Cir.).  On rehearing en banc, we vacated the decision of the panel and remanded to the panel for a consideration of the substantive issues. *Archie,* 808 F.2d 1137.  Crucial to our en banc holding in *Archie* was the recognition that only a procedural issue was presented *because* "the judgment *rendered by the district court* was not beyond its jurisdiction."  *Id.* at 1134 (emphasis added).  Because the district court and not the magistrate entered judgment, the lack of consent presented only a procedural and not a jurisdictional issue.  While we noted that "no jury trial of this kind can be conducted by a magistrate without the consent of all parties, given in writing and filed before trial commences," nevertheless "the deficiency in procedure represented by the failure of the parties to consent to the magistrate's presiding in this case is not of such egregiousness as to deprive *the district court* of jurisdiction."  *Id.* at 1137 (emphasis added).  Because the plaintiff never complained of the defect, on appeal or below, and the defendants did not raise it on appeal, the defect, "not being a jurisdictional one," was deemed to be waived.  *Id.*  This case, however, is not in the same procedural posture—here the magistrate, and not the district court, entered judgment. *See Equal Employment*

*Opportunity Commission v. West Louisiana Health Services, Inc.,* 959 F.2d 1277, 1282 (5th Cir.1992).

When the district court enters judgment, lack of consent and defects in the order of reference are procedural issues that can be waived if not timely raised. *See McLeod, Alexander, Powel & Apffel, P.C. & Quarles,* 925 F.2d 853, 857 (5th Cir.1991) ("[I]t is the law of this circuit that when judgment on a matter is entered by the district court, and not the magistrate, failure to obtain the consent of the parties to the proceeding before the magistrate is only a procedural error, not a jurisdictional error."); *Archie,* 808 F.2d at 1134–35. In contrast, when the magistrate enters judgment pursuant to 28 U.S.C. § 636(c)(1), absence of the appropriate consent and reference (or special designation) order results in a lack of jurisdiction (or at least fundamental error that may be complained of for the first time on appeal). *See Gomez v. United States,* 490 U.S. 858, 871, 109 S.Ct. 2237, 2245, 104 L.Ed.2d 923 (1989) ("[T]he Federal Magistrates Act now expressly authorizes magistrates to preside at jury trials of all civil disputes and criminal misdemeanors, subject to special assignment, consent of the parties, and judicial review."); *West Louisiana Health Services* at 1281 ("Consent to trial by a magistrate under section 636(c) cannot be implied."); *Sockwell v. Phelps,* 906 F.2d 1096, 1099 (5th Cir.1990) (distinguishing *Archie*'s procedural analysis on the grounds that because "the judgment in question is that of the magistrate, not the district judge," the complained of error of lack of consent to the magistrate's trying the case "is jurisdictional, or at least plainly more fundamental than that in *Archie*"); *Parks v. Collins,* 761 F.2d 1101, 1106 (5th Cir.1985) ("First, fatal to the magistrate's exercise of authority is the lack of any order of reference from the district judge.").[3]

In the instant case, nothing in the record indicates that the district court referred the case to Magistrate Judge Stacey or otherwise specially designated her under section 636(c)(1). There is no formal order of reference and no docket entry or notation besides the handwritten "This case has been

---

[3]*But see Parker v. Mississippi State Dep't of Public Welfare,* 811 F.2d 925, 928 (5th Cir.1987) (stating in dicta that *Archie* "holds that the failure to obtain the parties' consent is a procedural rather than jurisdictional defect, regardless of whether the reference is pursuant to 636(b)(3) or 636(c)").

transferred to the docket of Magistrate Frances H. Stacy" followed by the initials "fs" (presumably those of Frances Stacy) found in the docket sheet. We hold that because there is no section 636(c)(1) order referring this case to (or otherwise specially designating) Magistrate Judge Stacy, and the only written consent and the only order of reference (or special designation) are expressly for Magistrate Judge Karen Brown, Magistrate Judge Stacy lacked all authority to enter judgment in this case.

## Conclusion

For the foregoing reasons, the judgment below is vacated and the case is remanded for further proceedings not inconsistent herewith.

VACATED and REMANDED.