IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41373
Summary Calendar
_____

MICHAEL SCOTT,

Plaintiff-Appellant,

versus

STACY D. LAYTON, Coffield Unit,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-332
- - - - - - - - - -

June 25, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Michael Scott, Texas state prisoner # 683064, appeals from the dismissal of his civil rights complaint as frivolous. Scott argues that his consent to proceed before the magistrate judge for all purposes including final judgment was involuntary because the district court failed to follow 28 U.S.C. § 636(c)(2) in obtaining his consent, which required that the clerk of court at the time the action was filed notify the parties of the availability of a magistrate judge to exercise jurisdiction over

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the case. Scott also argues that the magistrate judge abused her discretion in denying his motion to alter or amend judgment.

The magistrate judge should have construed Scott's post-judgment motion as a Fed. R. Civ. P. 59(e) motion to alter or amend judgment because the motion was filed within ten days, excluding weekends, of final judgment. See Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667-69 (5th Cir. 1986) (en banc); Fed. R. Civ. P. 6(a); Fed. R. Civ. P. 59(e).

The record demonstrates that Scott voluntarily consented to proceed before the magistrate judge. This court thus has jurisdiction over the final judgment. See Mendes Junior Intern. Co. v. M/V SOKAI MARU, 978 F.2d 920, 922 (5th Cir. 1992).

The magistrate judge did not abuse her discretion in denying Scott's Rule 59(e) motion. See Midland West Corp. v. FDIC, 911 F.2d 1141, 1145 (5th Cir. 1990). Scott's failure-to-protect claim is one of mere negligence. Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).

AFFIRMED.