IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11342
Summary Calendar
_____

KIRK DOUGLAS THOMPSON,

Plaintiff-Appellant,

versus

WAYNE SCOTT, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; TIM
MORGAN, Warden; JAMES DUKE, Assistant Warden;
JAMES WAKEFIELD, Warden; S. O. WOODS,
Classification Chief; ET AL.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:98-CV-74-BA
--------------------

September 29, 1999

Before SMITH, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Kirk Douglas Thompson, a Texas prisoner (# 636131), appeals
from a judgment, entered by the magistrate judge, which dismissed
his civil rights complaint as frivolous.  For the reasons
assigned, we dismiss the appeal for lack of appellate
jurisdiction.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The statutory authority for a magistrate judge to adjudicate a matter is found in 28 U.S.C. § 636(c), which provides in pertinent part:

> (1) <u>Upon the consent of the parties</u>, a . . . magistrate [judge] . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves. . . .

(emphasis added). When the magistrate judge enters final judgment in a suit pursuant to § 636(c)(1), lack of consent and defects in the order of reference are jurisdictional errors that cannot be waived. <u>EEOC v. West Louisiana Health Servs., Inc.</u>, 959 F.2d 1277, 1281-82 & nn.3 and 4 (5th Cir. 1992); <u>see</u> <u>also</u> <u>Mendes Jr. Intern. Co. v. M/V Sokai Maru</u>, 978 F.2d 920, 923-24 (5th Cir. 1992).

A review of the record reveals that Thompson never provided written consent to the entry of judgment by the magistrate judge. The magistrate judge thus lacked jurisdiction to enter judgment in this case. <u>See</u> <u>West Louisiana Health Servs.</u>, 959 F.2d at 1281-82.

Accordingly, this court is without jurisdiction, and the appeal is DISMISSED. <u>See</u> <u>Trufant v. Autocon, Inc.</u>, 729 F.2d 308, 309 (5th Cir. 1984).

DISMISSED.