In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2949

David K. Kalan,

Plaintiff-Appellant,

v.

City of St. Francis,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 92-C-1306--Patricia J. Gorence, Magistrate Judge.

Submitted March 30, 2001/*--Decided December 17, 2001


  Before Kanne, Rovner, and Williams, Circuit
Judges.

  Per Curiam.  David K. Kalan appeals the
denial of his motion for relief from
judgment under Federal Rule of Civil
Procedure 60(b)(5) and (6). We do not
reach the merits of this appeal because
we lack jurisdiction.

  In December 1992 Kalan sued the City of
St. Francis, Wisconsin, under 42 U.S.C.
sec. 1983, alleging that the City had
violated his civil rights as a result of
its conduct in two separate state court
actions the City had commenced against
Kalan. The state court actions had been
terminated in the early 1990s in
accordance with a stipulated judgment.
Under 28 U.S.C. sec. 636(c) and the
applicable local rule, the parties
consented to proceed before a magistrate
judge. The consent specified Magistrate
Judge R.L. Bittner by name (as opposed to
stating that the parties consented to
proceed before "a" magistrate judge). In
July 1993 Magistrate Judge Bittner held
that res judicata barred Kalan's claims
under sec. 1983 and entered summary
judgment in favor of the City. Nearly
seven years later, in April 2000, Kalan
moved for relief from the judgment. A
differentmagistrate judge, Magistrate
Judge Gorence, denied Kalan's motion. The
record contains no consent naming

Magistrate Judge Gorence and no order by the district court referring the case to her.

Neither party questioned our jurisdiction on appeal, but of course we have an independent duty to determine whether jurisdiction exists in every case. See United States v. Tittjung, 235 F.3d 330, 335 (7th Cir. 2000), cert. denied, 121 S. Ct. 2554 (2001). So we appointed amicus counsel and requested that he brief the question whether Magistrate Judge Gorence, or any other magistrate judge, had jurisdiction to enter a final order denying Kalan's motion when the parties' consent identified Magistrate Judge Bittner by name. We gave the parties an opportunity to respond to amicus counsel's brief, and the City filed a response.

28 U.S.C. sec. 1291 grants the courts of appeals jurisdiction over final decisions of the district courts. 28 U.S.C. sec. 636(c)(1) provides that "[u]pon consent of the parties, a full-time United States magistrate . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or the courts he serves." Thus, a magistrate judge has jurisdiction to enter a final decision only if the district court properly refers the case and the parties consent. See Rice v. Sunrise Express, Inc., 209 F.3d 1008, 1014 n.7 (7th Cir.), cert. denied, 531 U.S. 1012 (2000). Consent need not be in writing, but it must be on the record, explicit, and unambiguous. See Drake v. Minn. Mining & Mfg. Co., 134 F.3d 878, 883 (7th Cir. 1998); Mark I, Inc. v. Gruber, 38 F.3d 369, 370 (7th Cir. 1994). We cannot infer consent from the conduct of the parties. Gruber, 38 F.3d at 370. Further, we have emphasized repeatedly that valid consent is essential to upholding sec. 636(c)'s constitutionality against arguments that it improperly vests the judicial power of the United States in non-Article III judges. Id. (collecting cases); see also Jaliwala v. United States, 945 F.2d 221, 224 (7th Cir. 1991) ("[T]he standards regarding the validity of consent must be carefully observed, for as we have previously noted valid consent is the linchpin of the constitutionality of 28 U.S.C. sec.

636(c).") (citation and internal quotation omitted).

The question we face here is whether a consent that specifies a particular magistrate judge by name (Magistrate Judge Bittner) constitutes consent to a different magistrate judge (Magistrate Judge Gorence). Although we have not addressed this issue before, the Fifth Circuit has, and that decision is instructive here. In Mendes Junior Int'l Co. v. M/V Sokai Maru, 978 F.2d 920 (5th Cir. 1992), the consent and order of reference identified Magistrate Judge Brown by name. Id. at 921. Before Magistrate Judge Brown could enter judgment, she became a bankruptcy judge, and the case was transferred to Magistrate Judge Stacy. Id. at 922. The Fifth Circuit held that Magistrate Judge Stacy lacked authority to enter judgment because the consent and order of reference were expressly for (and therefore limited to) Magistrate Judge Brown. Id. at 924. The court based its holding on the plain language of sec. 636(c)(1): "[W]hen the magistrate [judge] enters judgment pursuant to 28 U.S.C. sec. 636(c)(1), absence of the appropriate consent and reference (or special designation) order results in a lack of jurisdiction (or at least fundamental error that may be complained of for the first time on appeal)." Id. at 924.

Mendes is consistent with our decisions construing sec. 636(c)(1) under analogous circumstances. For example, we have held that when a new party intervenes in a case proceeding before a magistrate judge by consent of the original parties, "[u]nless the latecomer, too, consents, the whole proceeding before the magistrate judge may be set at naught." Gruber, 38 F.3d at 370 (citing Jaliwala, 945 F.2d 221). This rule derives from the axiom that the consent of the intervenor cannot be inferred. Id. Here, we have a new magistrate judge instead of a new party. But we can no more infer that consent to a specific, named magistrate judge constitutes consent to a different magistrate judge than we would infer the consent of an intervening party from the consent of the original parties. "We see no virtue in permitting our jurisdiction to depend on inferences where both the statute and common sense call for

precision." Jaliwala, 945 F.2d at 224 (citation and internal quotation omitted).

The City maintains on several grounds that the parties' consent included Magistrate Judge Gorence. First, the City contends that the parties' consent must include Magistrate Judge Gorence because sec. 636 does not require parties to consent to a specific magistrate judge by name and, indeed, does not give parties the power to do so. The argument is beside the point; the parties here chose to consent to a specific magistrate judge, and we must determine the legal effect of that choice. The plain language of sec. 636 does not, as the City suggests, preclude parties from consenting to a specific magistrate judge. The City cites no authority, and we have found none, that holds otherwise.

The City next contends that we should not follow Mendes; that it is distinguishable because it involved a magistrate judge who entered a final judgment, whereas Magistrate Judge Gorence denied a motion for relief from judgment. But we agree with amicus counsel that the City presents a distinction without a difference. Be it a final judgment or a final order denying a motion for relief from judgment, without a valid consent, Magistrate Judge Gorence did not possess the authority to enter either. See 28 U.S.C. sec. 636(c)(1) ("Upon the consent of the parties, a full-time United States magistrate . . . may conduct any or all proceedings . . . in a civil matter and order the entry of judgment in the case." (emphasis supplied)).

In anticipation of our rejection of attempts to distinguish Mendes, the City argues that even if an additional consent were required, its absence is merely a procedural defect that the parties waived and not a bar to our jurisdiction. The City relies on Archie v. Christian, 808 F.2d 1132 (5th Cir. 1987), and Mylett v. Jeane, 879 F.2d 1272 (5th Cir. 1989), but that reliance is misplaced. In Archie, lack of consent was a procedural defect because the district court and not the magistrate judge entered the final decision. Archie, 808 F.2d at 1134. In Mylett, the parties consented to a magistrate judge; the issue there was the

procedure to be followed in the case of a part-time magistrate judge. Mylett, 879 F.2d at 1275. Where, as here, a magistrate judge enters a final decision, lack of consent is a jurisdictional defect that the parties cannot waive. See Drake, 134 F.3d at 883 ("[P]arties cannot stipulate to the subject-matter jurisdiction of the federal courts and, in the absence of consent, review of a magistrate judge's decision lies in the district court.") (internal quotation and citation omitted); Cf. United States v. Wey, 895 F.2d 429, 431 (7th Cir. 1990) (when district court enters judgment, question of whether parties consented to proceed before magistrate judge does not affect the court's subject-matter jurisdiction, but is merely a procedural question), and Mendes, 978 F.2d at 924 ("It is the law of [the Fifth Circuit] that when judgment on a matter is entered by the district court, and not the magistrate [judge], failure to obtain the consent of the parties to proceeding before the magistrate [judge] is only a procedural error, not a jurisdictional error.") (citation omitted).

The City last contends that once the parties consented to Magistrate Judge Bittner's authority, they could not withdraw consent without the district court's approval. The argument assumes its own conclusion--that the consent was valid in the first instance with respect to Magistrate Judge Gorence. As we have explained, it was not.

In sum, nothing in the record shows that the parties ever consented to Magistrate Judge Gorence's plenary authority over this lawsuit. We cannot construe the language of a consent that is limited on its face to Magistrate Judge Bittner to include Magistrate Judge Gorence. Magistrate Judge Gorence therefore had no authority to rule on Kalan's Rule 60(b) motion, and the judgment is a nullity. Absent a final decision, we lack jurisdiction to consider the merits of this appeal.

This appeal is DISMISSED. Kalan's motion to correct an error in his brief, filed after this case originally was submitted, is DENIED as moot.

FOOTNOTE

/* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2).