IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60528
Conference Calendar

_____

JAMES PACE,

                                        Plaintiff-Appellant,

versus

ROBERT CULPEPPER, DR.; DAVID CARLSON, DR.;
CENTRAL MISSISSIPPI CORRECTIONAL FACILITY;
JAMES V. ANDERSON, Commissioner of the
Mississippi Department of Corrections,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CV-77
--------------------
April 10, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

James Pace, Mississippi prisoner #72176, appeals the
district court's dismissal of his 42 U.S.C. § 1983 complaint for
failure to state a claim and as legally frivolous under 28 U.S.C.
§§ 1915(e)(2)(B)(i) & (ii).  In his complaint, Pace alleged that
the appellees denied him proper medical treatment and medication
for his back problems.  He also asserted that he was placed in

_____

       [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

work assignments that were contrary to his medical classification.

We find that Pace's claims are legally frivolous, and we affirm the district court's judgment on this ground. See Neitzke v. Williams, 490 U.S. 319, 327 (1989). Pace's contentions amount to a mere disagreement with the course of his treatment which is not cognizable in a 42 U.S.C. § 1983 action. At most, Pace's allegations amount to assertions of medical malpractice or negligence, rather than an Eighth Amendment denial of medical care. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). We also reject Pace's claim regarding his work assignments. Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989).

Pace avers that the magistrate judge was biased and that his consent to proceed before the magistrate judge was not knowing and voluntary. Pace has failed to establish that he was denied an impartial tribunal. See Liteky v. United States, 510 U.S. 540, 555-56 (1994). We also conclude that Pace's consent to proceed before the magistrate judge was knowing and voluntary. See 28 U.S.C. § 636(c)(1); Mendes Jr. Int'l Co. v. M/V SOKAI MARU, 978 F.2d 920, 924 (5th Cir. 1992).

The district court's dismissal of Pace's complaint as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Pace is warned that he has one strike and that if he accumulates two more, he will not be able to bring a civil action or an appeal proceeding in forma pauperis unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; STRIKE WARNING ISSUED.