IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 01-60759
Summary Calendar

———————————————

JOHN ROBERT BOHREER,

                    Plaintiff-Appellee,

                              versus

JOHN MANLY; ET AL.,

                    Defendants,

TOMMY FERRELL, JR., Individually and in his official capacity as
Sheriff of Adams County, Mississippi,

                    Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:00-CV-12-BrS

———————————————

May 3, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    John Robert Bohreer filed suit against, *inter alia*, Tommy

Ferrell, individually and in his official capacity as Sheriff of

Adams County, Mississippi, under 42 U.S.C. § 1983.  Ferrell filed

———————————————

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a motion to dismiss or in the alternative for partial summary judgment on the basis of qualified immunity. A magistrate judge denied the motion, and Ferrell appeals.

Ferrell argues that the magistrate judge lacked jurisdiction to decide the motion because Ferrell did not expressly consent to proceed before the magistrate judge pursuant to 28 U.S.C. § 636(c) and, alternatively, that this court has appellate jurisdiction over the denial of summary judgment on qualified immunity grounds under the collateral order doctrine and should reverse the magistrate judge's order denying summary judgment to Ferrell. We conclude that the magistrate judge lacked jurisdiction to render a final judgment and, concomitantly, to enter the order on Ferrell's motion, and so we do not reach the issue of whether we have appellate jurisdiction over the merits of the denial of Ferrell's motion on qualified immunity grounds.

We have an obligation to satisfy ourselves of the jurisdiction of this court and the lower courts in a cause under review.[1] Where the magistrate judge's summary judgment ruling was entered in the absence of the express consent of all parties to proceed before the magistrate judge, we lack jurisdiction over the appeal from the magistrate judge's order, entered, as it would be, without

---

[1] *United States v. Johnston*, 258 F.3d 361, 363 (5th Cir. 2001); *Goldin v. Bartholow*, 166 F.3d 710, 714 (5th Cir. 1999).

2

jurisdiction over the action.[2] Consent to proceed before a magistrate must be explicitly provided by each party, including later-added defendants in an amended complaint.[3] Here, the magistrate judge considered Ferrell's motion under its assumed authority, by the parties' consent, to conduct any and all further proceedings in the case and order the entry of final judgment. However, Ferrell never expressly consented to proceed before the magistrate judge after being added, along with Adams County, Mississippi, as a defendant in the amended complaint.[4] The fact that Ferrell did not raise this defect in jurisdiction at the trial level is of no moment.[5] Moreover, Ferrell's consent may not be implied or inferred from his conduct, much less from the original defendants' consent to jurisdiction by the magistrate judge, even if the original defendants were represented by the same counsel as Ferrell in the course of the defense provided by the same insurance

---

[2] *Hill v. City of Seven Points*, 230 F.3d 167, 169-70 (5th Cir. 2000).

[3] *Mendes Junior Int'l Co. v. M/V Sokai Maru*, 978 F.2d 920, 922 (5th Cir. 1992).

[4] Bohreer and the defendants named in the original complaint, John Manly and Danny Rollins, consented in writing to proceed before the magistrate judge on June 6, 2000. The original complaint also named as a defendant "John Doe (Head Jailers until Identified)." The amended complaint naming Ferrell and Adams County as the sole defendants was not filed until November 9, 2000.

[5] *See Mendes, 978 F.2d* at 922-23; *Caprera v. Jacobs*, 790 F.2d 442, 445 (5th Cir. 1986).

3

carrier.[6]  Accordingly, we conclude that the magistrate judge lacked jurisdiction to enter its order denying Ferrell's motion, which we in turn lack appellate jurisdiction to review.[7]

VACATED AND REMANDED.

---

[6]  *See Mendes*, 978 F.2d at 922; *EEOC v. W. La. Health Servs., Inc.*, 959 F.2d 1277, 1281 (5th Cir. 1992); *Caprera*, 790 F.2d at 443, 445-46.

[7]  *See Hill*, 230 F.3d at 168-70.