# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30304
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2014

Lyle W. Cayce
Clerk

BRANDON SCOTT LAVERGNE,

Plaintiff-Appellant

v.

JOHN FAULK,

Defendant-Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CV-2191

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Brandon Scott Lavergne, Louisiana prisoner # 424229, pleaded guilty to two counts of first degree murder for the murders of Michaela Shunick and Lisa Pate. Thereafter, Lavergne filed a civil rights complaint against John Faulk. The district court dismissed Lavergne's 42 U.S.C. § 1983 claims for failure to state a claim because Faulk was not a state actor for Section 1983 purposes and, in the alternative, as barred by *Heck v. Humphrey*, 512 U.S. 477

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1994).  Additionally, the district court dismissed Lavergne's Louisiana state law claims without prejudice.

This court reviews a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo, applying the same standard that is used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

Lavergne argues that the district court erred in dismissing his complaint for failure to state a claim because Faulk assumed the role of a state actor by investigating and reporting information to the police.  For a private citizen, such as Faulk, to be held liable under Section 1983, "the plaintiff must allege and prove that the citizen conspired with or acted in concert with state actors." *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989).  A plaintiff satisfies this burden by alleging and proving: "(1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights.  Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004).

Here, the district court correctly determined that Lavergne's complaint failed to allege that Faulk conspired with a state actor.  Although Lavergne alleged in his complaint that Faulk lied to the police and possibly to the grand jury, he failed to allege an agreement between Faulk and the police, or any other state actor, to commit an illegal act.  Accordingly, the district court did not err when it dismissed Lavergne's claims against Faulk for failure to state a claim. *See id.*  In this same vein, the district court did not abuse its discretion in denying Lavergne's motions to amend his complaint because the amendments were futile in light of his failure to state a claim. *See Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013).  In light of the foregoing, the

No. 14-30304

district court did not abuse its discretion in denying Lavergne's motion to appoint counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). To the extent Lavergne raises new claims on appeal, we do not address them. *See Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006).

Lavergne's motion to appoint counsel is DENIED, and the district court's judgment is AFFIRMED.