# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2022

Lyle W. Cayce
Clerk

No. 21-10427

SEALED APPELLEE,

*Plaintiff—Appellee*,

*versus*

SEALED APPELLANT,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-1344

Before KING, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:*

This sealed appeal arises from a civil commitment order issued by a magistrate judge. Appellant contends that the government lacked authority to pursue her civil commitment because her hospitalization before these proceedings twice exceeded the hospitalization orders issued by the Florida district court presiding over her criminal case.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

However, we must first examine our own jurisdiction. *See Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222, 225 (5th Cir. 2017) ("[W]e must examine jurisdiction whenever [it] appears fairly in doubt." (citation and quotation marks omitted)). A magistrate judge issued the civil commitment order below and presided over the commitment proceedings. A magistrate judge's authority to issue *dispositive* orders derives from Article III district courts, and that authority must be properly delegated. A district court may refer a matter to a magistrate judge for pretrial, *non-dispositive* orders under 28 U.S.C. § 636(b). But a magistrate judge acting under § 636(b) delegation has no power to dispose of a case, and rather may only make recommendations, with the district court retaining the power to accept, reject, or modify the proposal before finally deciding the case. 28 U.S.C. § 636(b)(1). Referral under § 636(b) does not require parties' consent.

Alternatively, under 28 U.S.C. § 636(c)(1), a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, *when specially designated to exercise such jurisdiction by the district court*[.]" (emphasis added). We have identified two requirements for magistrate judges to exercise § 636(c)(1) authority: "(1) both parties consent to the jurisdiction of the magistrate judge and (2) the district judge specifically designates the magistrate judge to conduct civil proceedings[.]" *Cooper v. Brookshire*, 70 F.3d 377, 378 n.6 (5th Cir. 1995); *Mendes Junior Int'l Co. v. M/V Sokai Maru*, 978 F.2d 920, 924 (5th Cir. 1992) ("When the magistrate enters judgment pursuant to 28 U.S.C. § 636(c)(1), absence of the appropriate consent and reference (or special designation) order results in a lack of jurisdiction (or at least fundamental error that may be complained of for the first time on appeal).").

The district judge referred this case to the magistrate judge early on, shortly after the government had filed its petition. This order referred the case to the magistrate judge for "pretrial management" and specified that

(1) "non-dispositive motions are referred to the magistrate judge for determination according to 28 U.S.C. 636(b)(1)(A) and Fed. R. Civ. P. 72(a)"; (2) "case-dispositive motions are referred to the magistrate judge for recommendation according to 28 U.S.C. 6[3]6(b)(1)(B) and Fed. R. Civ. P. 72(b)(1)"; and (3) "[a]ll other pretrial matters, including scheduling and alternative dispute resolution are referred to the magistrate judge for appropriate action consistent with applicable law."

Here, we need not reach whether the parties consented to the magistrate judge's authority by failing to object, because the district court never delegated § 636(c)(1) authority, a point on which the parties now agree. The district court's referral order referred only to pretrial, non-dispositive issues, and expressly *retained* the district court's authority to accept, modify, or reject the magistrate judge's *recommendations* on dispositive issues. And there is no local rule in the Northern District of Texas that could be construed to delegate § 636(c)(1) authority by default. *Cf. Booker v. Collins*, 2001 WL 422883, at *2 (5th Cir. Apr. 5, 2001). The magistrate judge therefore lacked authority to order Appellant civilly committed, depriving us of jurisdiction to hear this appeal. *See Hill v. City of Seven Points*, 230 F.3d 167, 169-70 (5th Cir. 2000) ("[W]ithout the requisite § 636(c)(1) special designation, we lack jurisdiction over the appeal from the magistrate judge's summary judgment ruling.").

We therefore VACATE the magistrate judge's civil commitment order and we REMAND this case to the district court to either resolve the government's petition in the first instance or construe the magistrate judge's order as a report and recommendation and allow the parties to file objections.