In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-1271

ALLAN STEVO,

*Plaintiff-Appellant,*

*v.*

PAMELA FRASOR, *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:07-cv-06647—**Sheila M. Finnegan**, *Magistrate Judge.*

ARGUED SEPTEMBER 13, 2011—DECIDED NOVEMBER 17, 2011

Before POSNER, SYKES, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* This appeal is a reminder of
the value of a crystal-clear record of the parties' consent
to have a magistrate judge preside over their case under
28 U.S.C. § 636(c), especially when the magistrate judge
assignment changes. Such a change occurred here, and
the documentation of the consents to the new magistrate
judge leaves something to be desired. We conclude in
the end, however, that the record of consent, both ex-
pressed in writing and implied from conduct, is suffi-

ciently clear that the new magistrate judge could properly enter final judgment. On the merits, the appellant challenges two discretionary matters of case management — denial of additional extensions of time for discovery, and a decision to overlook minor failures to comply with the local rule on summary judgment. We find no abuse of discretion, so we affirm.

I. *Factual and Procedural Background*

Plaintiff-appellant Allan Stevo has lived in Blue Island, Illinois his entire life. He has been active in local politics, including an unsuccessful run for mayor against one of the defendant-appellees here. In 2001, Blue Island passed an ordinance requiring all homes to have an outside water meter. Letters were sent to all residents in November 2003, and again to Stevo in January 2005, requesting that they schedule an appointment to install a meter. Stevo did not do so. In April 2005, notice was posted on his home, and Stevo (or someone else at his address) refused a certified letter from the city water superintendent. That letter threatened to shut off Stevo's water on April 27, 2005 unless steps were taken to relocate his meter. Steps were not taken, and the water was shut off, remaining off for about seven weeks. During that time, Stevo carried water from a building he owned across the street and pursued various avenues of complaint with city officials. Finally, on June 12, 2005, Stevo arranged for an outside meter installation. The meter was installed, and his water service was restored two days later.

Stevo sued the city, the mayor, and the aldermen in November 2007 alleging that his water was shut off without due process of law and that he was singled out as a "class of one" for irrational or political reasons in violation of the equal protection clause of the Fourteenth Amendment. After surviving a motion to dismiss, the case was assigned to Magistrate Judge Keys based on the written consent of all parties. Discovery continued over fifteen months, and during that time the court extended the discovery cut-off date seven times. Stevo alternately proceeded *pro se* and was represented by counsel. He was represented by counsel when he consented to proceed before Magistrate Judge Keys, and he was represented by his current counsel when the case was reassigned to Magistrate Judge Finnegan and during her consideration of defendants' summary judgment motion.

Magistrate Judge Keys cut off discovery on February 24, 2010, though he gave permission for each side to take one more contemplated deposition. Stevo's new counsel sought but was refused additional discovery, and Stevo challenges that ruling here. While the summary judgment motion was pending, the judge extended briefing deadlines and allowed Stevo to amend his complaint to include equal protection claims. Rather than respond to defendants' arguments and stated facts, counsel for Stevo opposed the summary judgment motion by objecting to violations of Northern District of Illinois Local Rule 56.1 by defendants. He argued that defendants had included their legal arguments in the motion itself rather than in a separate memorandum and had failed

to number the paragraphs in their statement of facts. Magistrate Judge Finnegan exercised her discretion not to prolong the lawsuit and decided not to enforce strictly the district court's local rule. She denied Stevo's objections. She also gave him more time to submit a substantive response to the summary judgment motion. Stevo did not do so, however, and the judge then granted summary judgment for defendants.

II.  *Jurisdiction of the Magistrate Judge*

A district judge may assign a magistrate judge to hear a civil case and render final judgment, provided that all parties consent voluntarily. 28 U.S.C. § 636(c). Consent is required because magistrates are not protected by the full guarantees of judicial independence in Article III of the Constitution. See *Mark I, Inc. v. Gruber*, 38 F.3d 369, 370 (7th Cir. 1994). We have held that consent need not be in writing, but it must be on the record, clear, and unambiguous. *Kalan v. City of St. Francis*, 274 F.3d 1150, 1152 (7th Cir. 2001) (parties' consent to one named magistrate judge did not extend to a different, later-assigned magistrate judge). The Supreme Court has held that consent can also be implied from conduct of parties during the proceedings, at least where the parties have notice of their right to refuse. *Roell v. Withrow*, 538 U.S. 580, 590 (2003) ("We think the better rule is to accept implied consent where, as here, the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge.").

The parties litigated this case before two magistrate judges. No party raised the issue of a possible defect in consent until Stevo objected in his reply brief on appeal, citing *Kalan*. Arguments raised for the first time so late in the proceedings are waived, unless of course they question appellate or subject matter jurisdiction. If the parties have not given valid consent to entry of judgment by a magistrate judge, we treat the purported judgment as not final so that we lack appellate jurisdiction. In *Kalan*, we held that lack of consent to a magistrate judge is "a jurisdictional defect that the parties cannot waive." 274 F.3d at 1153. Following *Kalan*, if we were to find a lack of consent here, we would be without jurisdiction to hear this appeal and would be required to vacate and remand for additional proceedings in the district court. Because we find unambiguous consent here, both in writing and implied from the conduct of the parties, we have jurisdiction to hear this appeal. (In *Roell*, the Supreme Court expressly declined to decide whether the court of appeals was correct in treating lack of consent as a jurisdictional defect. 538 U.S. at 591 n.8. We need not reconsider that aspect of *Kalan* in this case, however, since no such defect is present.)

In the joint Rule 26(f) conference report filed October 1, 2008, the attorneys for both sides expressly consented in writing to the jurisdiction of Magistrate Judge Keys. Dkt. No. 34 at 3. The complication here is that the case was later reassigned to then newly-appointed Magistrate Judge Finnegan. Stevo asserted for the first time in his reply brief to this court that his consent was limited on its face to Magistrate Judge Keys, and that he never

consented in writing to the reassignment. The Rule 26(f) report refers to consent to both "a" magistrate judge generally and "the" magistrate judge specifically, *id.*, presenting a more ambiguous scenario than was present in *Kalan* — where consent to one named magistrate judge did not provide consent to a different magistrate judge assigned later. See 274 F.3d at 1154. Such fine linguistic parsing of the Rule 26(f) report is not necessary here for two reasons:

First, plaintiff Stevo and defendants impliedly consented to the reassignment to Magistrate Judge Finnegan by proceeding in her court through discovery and summary judgment without objection. See *Roell*, 538 U.S. at 590-91. As in *Roell*, *id.* at 584, the parties also stood silent as Magistrate Judge Finnegan made clear her belief that the parties had consented. See Memorandum Opinion and Order, S.A. at 10 ("The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)."). More important, the parties also had an earlier opportunity to object when the reassignment was first entered in the docket. See Dkt. No. 37 at 1, 2 (noting the parties' consent to reassignment, as specified "on the attached form(s)"). After *Roell*, litigants who have knowingly proceeded without objection through lengthy discovery and summary judgment proceedings with one or more magistrate judges are deemed to have impliedly consented to section 636(c) jurisdiction. See 538 U.S. at 590. It would frustrate justice and reason to permit such parties to wait until they learn that they have lost before citing technical defects in the form of any party's consent to secure a do-

over. *Id.* (noting the harm in allowing parties to "sit back without a word about their failure to file the form, with a right to vacate any judgment that turned out not to their liking").

Second, although here the signed standard form providing consent and notice of the right to refuse was inexplicably not attached to the reassignment order when it was filed (as discussed below), the parties did consent and thereby acknowledged the required notice. The *Roell* Court stated that "notification of the right to refuse the magistrate judge is a prerequisite to any inference of consent." *Id.* at 587 n.5. The district court has wisely included such a notice on the consent form that it provides for parties to sign when their case is first assigned to a magistrate: "Should this case be reassigned to a magistrate judge other than the magistrate judge designated pursuant to Local Rule 72, the undersigned may object within 30 days of such reassignment." United States District Court for the Northern District of Illinois, Consent to Exercise of Jurisdiction By a United States Magistrate Judge, available at http://www.ilnd.uscourts.gov/PUBLIC/Forms/consent.pdf (last visited November 14, 2011). Counsel for all parties signed such a form on October 2, 2008 when they originally consented to Magistrate Judge Keys. No party objected within 30 days after the reassignment to Magistrate Judge Finnegan. Stevo, through his counsel at the time, had notice of his right to refuse consent to the reassignment and never exercised that right.

As noted, for unknown reasons the signed consent form evidencing notice does not appear in the district

court's electronic docket or in the record on appeal, either attached to the reassignment where it should routinely be, or otherwise. As we noted in *Kalan*, evidence of voluntary consent should appear in the record. 274 F.3d at 1152. Where that evidence is instead derived from parties' conduct during proceedings, it follows that the notice required as a prerequisite to an inference of consent under *Roell* should also appear in the record. After the consent objection was raised by Stevo, and before oral argument, counsel for defendants responded to an inquiry by the court and provided copies of the signed consent form to the panel and to counsel for Stevo. No party has challenged the authenticity of the signed consent form or otherwise disputed the form's contents, such that factual authenticity determinations by the district court would be called for. Although Stevo's counsel understandably complained at oral argument of the late discovery of the form, we note that this entire issue of consent was only raised at the last minute by Stevo himself in his reply brief on appeal.

The district court's docket entry 37 refers to an attached consent form. The form could only have been "omitted from . . . the record by error or accident," as contemplated in Federal Rule of Appellate Procedure 10(e)(2). We have, and exercise here, the authority under that rule to correct that error and order that the record be supplemented with the signed consent form that was submitted to this court at the time of oral argument. See Fed. R. App. P. 10(e)(2)(C). Where we have previously declined to exercise our authority to supplement the record, our purpose has often been to avoid rewarding

parties for failing to correct known deficiencies. See, *e.g.*, *LaFollette v. Savage*, 63 F.3d 540, 545 (7th Cir. 1995). Here, an accidental omission went undiscovered until the last minute on appeal, and correcting the record serves to avoid punishing innocent parties for an unnoticed omission. Supplementing the record here corrects a harmless bureaucratic slip that should not defeat our jurisdiction and grant Stevo an unjustified do-over of his entire lawsuit. We have docketed with the clerk of this court the signed consent form that provided notice of the right to refuse reassignment to a new magistrate judge.

All parties voluntarily consented to proceedings before Magistrate Judge Finnegan, who therefore had jurisdiction under § 636(c) to hear the case and render final judgment. That valid final judgment having been entered, we have jurisdiction under 28 U.S.C. § 1291 to consider this appeal. We turn next to the merits of Stevo's appeal.

III. *Rulings by the District Court*

Ordinarily, we review a district court's grant of summary judgment de novo. *Omnicare, Inc. v. UnitedHealth Group, Inc.*, 629 F.3d 697, 705 (7th Cir. 2011). In this appeal, however, Stevo has not presented any arguments on appeal directed to the substance of Magistrate Judge Finnegan's thoughtful summary judgment opinion. Stevo challenges only the district court's refusals to grant additional discovery and to enforce Local Rule 56.1 strictly before ruling on the summary judgment motion. Both of

the challenged actions by the district court are discretionary rulings that we review only for abuse of that discretion. See *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000) (discovery matters); *Borcky v. Maytag Corp.*, 248 F.3d 691, 697 (7th Cir. 2001) (application of local rules).

Stevo asserts that the district court abused its discretion when, after extending discovery seven times over fifteen months, it finally brought the discovery period to a close. We disagree. Discovery must have an end point, and "the decision to cut off discovery is committed to the management skills of the district court." *K.F.P. v. Dane County*, 110 F.3d 516, 520 (7th Cir. 1997). We will not reverse based on a discovery limit without a clear showing of actual and substantial prejudice. *E.g.*, *Searls v. Glasser*, 64 F.3d 1061, 1068 (7th Cir. 1995). Where a party has had an "adequate opportunity to investigate," prejudice in this context requires something more than the absence of the smoking gun the party was looking for. *Id.* Stevo's changes in counsel and late focus on his equal protection theory may have been reasons for wanting an eighth discovery extension, but the district court did not abuse its discretion in concluding that Stevo had been allowed adequate time.

Federal Rule of Civil Procedure 56(d) provides an opportunity for a party responding to a summary judgment motion to alert the district court that he lacks "facts essential to justify [his] opposition" and to request additional time or discovery. From the record it appears that Stevo did not seek Rule 56(d) relief or renew his earlier objections to the close of discovery while the

summary judgment motion was pending. Stevo confined his opposition briefing entirely to the Local Rule 56.1 issue discussed below. He did not mention the need for additional discovery in his earlier (granted) motion for additional time to respond to the motion. See Dkt. Nos. 79, 82, and 75. The district court did not abuse its discretion by ruling on defendants' summary judgment motion when it did. See *Wallace v. Tilley*, 41 F.3d 296, 303 (7th Cir. 1994).

Finally, Stevo argues that the district court erred by considering the defendants' summary judgment motion although it did not comply strictly with all formal requirements of Local Rule 56.1. This argument reflects a profound misunderstanding of the relevant law and the purposes of the formal requirements in the district court's Local Rule 56.1. Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings. *E.g.*, *Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004). We have not endorsed the very different proposition that litigants are entitled to expect strict enforcement by district judges. Rather, "it is clear that the decision whether to apply the rule strictly or to overlook any transgression is one left to the district court's discretion." *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995).

In a case squarely on point here, for example, we found no error in a district judge's decision to overlook

similar technical failures in a motion for summary judgment where the motion provided ample notice of the relevant facts and law. *Harmon v. OKI Systems*, 115 F.3d 477, 481 (7th Cir. 1997). We accord "considerable deference" to district courts' interpretations of their rules. *Little*, 71 F.3d at 641. The district court did not enforce (or relax) the rules unequally as between the parties here. Any prejudice to Stevo arose either from his own reliance on his misguided expectation or from his lack of success in discovering evidence that might have supported his unusual claims.

As the district court noted, Stevo could have preserved his Local Rule 56.1 objections while also complying with the rule himself and filing a substantive response to defendants' factual statement. S.A. 17. In fact, the court allowed Stevo extra time to do so after announcing its ruling on the Rule 56.1 issue. *Id.* at 9. This reciprocal leniency from Magistrate Judge Finnegan, designed to promote the resolution of the case on the merits and without undue delay or expense, but applied with care so as not to prejudice either side, was very much in keeping with the spirit of the rules themselves. Local rules, like the Federal Rules of Civil Procedure that they supplement, should be construed to provide for the "just, speedy, and inexpensive determination of every action" on its merits. Fed. R. Civ. P. 1. These rules were not intended to provide a maze of technical traps to complicate and delay litigation without advancing the merits. The district court did not abuse its discretion in its application of Local Rule 56.1 here.

Accordingly, the judgment of the district court in favor of defendants is AFFIRMED.