NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 1, 2012*
Decided February 3, 2012

Before

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| No. 10-3617 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| ROY J. BARDWELL, SR., *Plaintiff-Appellant*, | |
| *v.* | |
| ALLIED WASTE TRANSPORTATION, INC., *et al.*, *Defendants-Appellees*. | No. 08 C 2998 Blanche M. Manning, *Judge*. |

**Order**

Roy Bardwell was injured when the truck he was driving overturned. He filed this suit under the diversity jurisdiction, seeking damages from Allied Waste Transportation, whose employees had loaded the truck. Bardwell contends that the load was not secured properly and shifted in transit, causing the accident.

The district court assured itself that complete diversity had been established and that the stakes exceed $75,000. Bardwell's challenge to the jurisdiction underlying his own suit was properly rejected. (Bardwell asserted that both he and Allied are citizens

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

of Illinois, but the district judge found that Allied is incorporated in Delaware and has its principal place of business in Arizona.)

The district court was less careful about some matters that affect appellate jurisdiction. Applied Risk Services, the workers'-compensation insurer of Bardwell's employer, was allowed to intervene under an Illinois statute entitling the employer to recoup, from any judgment in its employee's favor, whatever it paid in workers'-compensation benefits. Allied Waste Services then added a third-party action against Bardwell's employer. At this point the suit had four parties (more, actually, but we proceed as if all persons originally sued with Allied were a single litigant).

Allied settled with Bardwell's employer, which was dismissed. Applied Risk Services volunteered to dismiss its claim if Bardwell lost and promised not to appeal, for then there would be nothing to recoup. Bardwell did lose in the district court (the district judge granted summary judgment against him), but he has appealed. So Applied Risk Services remains a party—one that the district judge ignored. That raises the question whether Bardwell's appeal should be dismissed, because until all claims by and against all parties have been resolved, or a judgment under Fed. R. Civ. P. 54(b) has been entered, the decision is not "final" for the purpose of 28 U.S.C. §1291.

The district judge wrote that, because she had "previously granted Allied Waste's motion for summary judgment in the underlying case, the dismissal of the third party action resolves all claims as to all parties. Accordingly, the clerk is directed to enter a Rule 58 judgment and terminate the case from the court's docket." The judge's belief that settlement of the third-party action "resolves all claims as to all parties" was wrong; Applied Risk Services' claim remained. The judgment therefore is erroneous. But it is *final* in the sense that it conclusively wraps up the litigation. The district judge has declared that she is finished with the entire case, not just with a slice of it. If Applied Risk Services thought its rights jeopardized, it could have appealed. If we were to declare a judgment non-final under these circumstances, however, both of the potentially aggrieved parties (Bardwell and Applied Risk Services) would be relegated to limbo, ejected from the district court but unable to obtain appellate review. Applied Risk Services has elected not to appeal, so the dismissal of its claim is final; the dispute between Bardwell and Allied Waste remains for decision.

Bardwell's position on the merits boils down to a contention that he was injured and therefore must be entitled to recover damages from Allied. That is a non-sequitur. He needs to establish, among other things, that Allied's acts played a causal role. Bardwell lost on summary judgment in the district court because the judge concluded that he has not provided any evidence that Allied loaded the truck improperly or failed to secure the load the way it should have done. Bardwell's appellate brief ignores the state of the record and proceeds as if assertion were the same thing as evidence. It is not. Even if the record has the evidence that Bardwell needs, his lawyer's failure to follow the district court's local rules about responding to a motion for summary judgment entitled the dis-

trict court to ignore his submissions and analyze the case using the parts of the record properly identified in Allied's motion. See, e.g., *Stevo v. Frasor*, 662 F.3d 880, 886–87 (7th Cir. 2011). Even the new documents that Bardwell has inserted into his appellate brief—documents that we cannot consider because they are not part of the record before the district court, see *Hernandez v. HCH Miller Park Joint Venture*, 418 F.3d 732, 736 (7th Cir. 2005); *McClendon v. Indiana Sugars, Inc.*, 108 F.3d 789, 795 (7th Cir. 1997)—do not imply that faulty loading, rather than a mechanical failure or driver error, caused Bardwell's truck to overturn. See *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 512–13 (7th Cir. 2006); *Harmon v. OKI Systems*, 115 F.3d 477, 480–81 (7th Cir. 1997).

AFFIRMED