NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2014[*]
Decided August 20, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-3267

| | |
|---|---|
| MICHAEL D. ALLISON, <br>     *Plaintiff–Appellant,* <br><br>     *v.* <br><br> CITY OF BRIDGEPORT, ILLINOIS, <br> et al., <br>     *Defendants–Appellees.* | Appeal from the United States District <br> Court for the Southern District <br> of Illinois. <br><br> No. 09-703-GPM <br><br> G. Patrick Murphy, <br> *Judge.* |

**O R D E R**

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

This appeal culminates a nearly decade-long litigation saga. In 2003 and again in 2005, Michael Allison's vintage Buicks were towed from his driveway in Bridgeport, Illinois. In 2005 Allison sued the city, several city officials, and a tow-truck operator for unreasonably seizing his cars in violation of the Fourth Amendment and depriving him of property without a hearing in violation of the Fourteenth Amendment. *See* 42 U.S.C. § 1983. On the eve of trial, he voluntarily dismissed that suit, but in 2009 he filed a substantively identical lawsuit. During the two suits, Allison repeatedly fired his counsel, including shortly before the second suit's scheduled trial date. Allison sought a continuance, but the court ordered the trial to go forward with Allison proceeding pro se, and the jury eventually ruled against him. On appeal Allison argues that the defendants committed "fraud on the court" during discovery and that the court should have granted him a continuance. These arguments are meritless, so we affirm.

The amended complaint in the 2009 suit mirrored the operative complaint in Allison's earlier suit. The new case proceeded to discovery and the parties clashed: Both sides objected to many discovery requests and filed motions to compel and for sanctions. In late 2010 Allison rehired attorney Richard Fedder (whom he had fired in the earlier proceeding), and Fedder successfully moved to extend the discovery deadline and to submit additional interrogatories and requests for production; Allison, however, fired him again a month later. The parties continued to wrangle over discovery-related issues, and in mid-2011, Allison again rehired Fedder, who convinced the court to reopen discovery and allow the amendment of the complaint to add a civil RICO claim. *See* 18 U.S.C. §§ 1962, 1964(c). Between December 2011 and September 2012, the court postponed the trial eight times, usually at Fedder's request.

Despite Fedder's successes on his behalf, Allison sought additional relief through his own pro se motions. For example he twice attempted to file a self-styled "motion to continue trial and for equitable relief," accusing defendants' counsel of committing "fraud upon the court" by requesting to inspect his Buicks, by failing to respond in a satisfactory manner to his discovery requests, and by filing a motion for sanctions. But because Allison was already represented by an attorney, the district court struck these motions. *See United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998).

Dissatisfied with the district court's decision not to consider his pro se motions, Allison *again* fired Fedder less than three weeks before trial. The court warned that the trial would take place as scheduled; if Allison stood by his decision to discharge Fedder, then Allison would have to represent himself at trial. On the day of trial, Allison confirmed that he was discharging Fedder and submitted pro se motions accusing the

defendants of committing fraud, asserting that the magistrate judge who had ruled on discovery motions was biased, and asking for a continuance. The court denied the motions. It also dismissed the civil RICO claim as barred by the statute of limitations.

After the case proceeded to trial, and Allison struggled to present his case on his own, he asked the court if he could bring Fedder—who remained in the courtroom and assisted Allison with procedural matters during trial—"back into the case to conduct this jury trial." The court denied that request, explaining that Allison had fired and then rehired his counsel "three times before, but it will not happen again. Now, you are on your own." Allison continued to testify but did not offer evidence regarding several defendants, so after he rested his case, the court granted judgment as a matter of law to those defendants. *See* FED. R. CIV. P. 50(a). The remaining defendants put on their case, and the jury ruled in their favor.

On appeal Allison primarily argues that the district court made incorrect discovery rulings because the defendants and their lawyers committed "fraud on the court." We reject this argument for multiple reasons. First, Allison points to no evidence in the record supporting his contention that the defendants engaged in "fraud," and we can find none. Allison's unhappiness about the defendants' aggressive discovery tactics does not support a conclusion that they lied to the court. (For a similar reason, we reject Allison's cursory argument that the four-year statute of limitations for civil RICO, s*ee Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987), should have been equitably tolled. Allison points to no evidence supporting his argument that the defendants "fraudulently concealed" facts about this claim.) Second, the court did not abuse its discretion in its discovery rulings, and in fact its generous extension of the discovery deadline and reopening of discovery enabled Allison to obtain some of the information he sought. *See Stevo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011) (no abuse of discretion in closing discovery after district court had extended discovery period for 15 months). Third, Allison has not explained how he was seriously prejudiced by his inability to obtain the rest of the information he had requested. *See Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1116 (7th Cir. 2013).

Allison also argues that the district court erred by denying his request for a continuance on the date of trial. We disagree. "We are particularly reluctant to find an abuse of discretion where . . . a court denies a continuance to a [party] who decides to proceed *pro se* but then complains of not being prepared for trial." *United States v. Volpentesta*, 727 F.3d 666, 678–79 (7th Cir. 2013). The court's decision to hold the trial as scheduled was not an abuse of discretion, given that the original complaint had been

filed almost seven years earlier, the court had previously granted many continuances, and the court had explained to Allison (almost three weeks before trial) exactly what would happen if he persisted in firing his attorney again. *See United States v. Egwaoje*, 335 F.3d 579, 583–84, 587–88 (7th Cir. 2003) (affirming denial of continuance where defendant decided to proceed pro se on day of trial); *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1085–86, 1088–89 (7th Cir. 1982) (affirming denial of continuance where plaintiffs' lawyer withdrew on day of trial; case had been pending for three years and the district court permissibly concluded that "no further delay could be tolerated").

Allison also argues that the court improperly denied his mid-trial request for Fedder to return to the case, but this decision was within the court's broad discretion to "efficiently and fairly manage trial proceedings," *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 719 (7th Cir. 2004). Mere hours after granting Allison's request to discharge Fedder and proceed pro se, the court was not required to allow Allison to change his mind again. *See United States v. Tolliver*, 937 F.2d 1183, 1187–88 (7th Cir. 1991).

We have considered Allison's remaining arguments—which are mostly "generalized assertion[s] of error"—and conclude that none has merit. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *see* FED. R. APP. P. 28(a)(8).

AFFIRMED.