NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 17, 2015[*]
Decided February 18, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1943

| | |
|---|---|
| JOHN G. DAHLK, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 12-C-556 |
| MICHELLE WOOMER, et al., <br> *Defendants-Appellees.* | Rudolph T. Randa, <br> *Judge.* |

**O R D E R**

John Dahlk, a Wisconsin inmate, appeals from the grant of summary judgment against him in this suit under 42 U.S.C. § 1983 asserting that employees at the Oshkosh Correctional Institution were deliberately indifferent to his leg wound, which eventually became infected with E. coli. The district court concluded that none of the defendants had been deliberately indifferent. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

In mid-2011, Dahlk requested medical attention for an open wound on his upper right inner thigh. At the infirmary the next day, Michelle Woomer, a nurse, examined Dahlk and noted that he had a "closed, non-draining area" on his "groin fold" that had existed for "years," and there was no blood, redness, or sign of infection. Dahlk asked Woomer for bandages, saying that the wound had been bleeding and oozing periodically, but Woomer instructed Dahlk to notify staff if it began draining or appearing infected. Another nurse, Stephanie Friedman, also examined the wound and agreed with Woomer that no bandages were needed at that time.

Medical staff regularly monitored and treated Dahlk over the next several months. About three weeks after his initial visit, Dahlk returned to the infirmary complaining of a "burning pain" at the wound site, which was then draining clear fluid. A nurse gave Dahlk bandages and scheduled him for biweekly checkups. Two weeks and three assessments later, the wound had green drainage, and a nurse arranged for Dahlk to see a doctor. Dr. Patrick Murphy examined Dahlk and ordered a culture of the wound to test for an infection. Those lab results came back a few days later and showed the presence of E. coli. Murphy believed that the presence of E. coli did not necessarily confirm an infection, so he "flagged" Dahlk's chart for assessment by his primary care physician, Dr. Mary Sauvey. Eighteen days later she reviewed Dahlk's chart and lab results and prescribed an aggressive course of antibiotics, despite being aware from his chart that he had a penicillin allergy. As a result of the antibiotics, Dahlk experienced severe abdominal pain, cramping, and diarrhea. His wound healed three months later.

Between June 2011 and June 2012, Dahlk periodically complained to prison staff about what he believed to be inadequate medical care for his leg wound. He wrote successive letters to the warden, Judy Smith, but she responded that she would not address his complaints until he completed the prison's grievance process. So Dahlk also filed seven grievances, including one complaining about Timothy Pierce, an inmate complaint examiner who told Dahlk he would not help him because another examiner handled all medical complaints.

Dahlk then sued Woomer, Friedman, Murphy, Sauvey, Smith, and Pierce for being deliberately indifferent to his serious medical condition. He also alleged that Warden Smith violated the First Amendment by failing to prevent retaliation when he was not allowed to go to the infirmary for two of his scheduled wound assessments after he filed his grievances. At screening, *see* 28 U.S.C. § 1915A, the district court dismissed Dahlk's First Amendment claim but allowed him to proceed on all other claims.

The district court ultimately granted summary judgment for the prison officials.[1] The court assumed that Dahlk's leg wound was a serious medical condition but determined that no reasonable jury could conclude that the defendants had acted with deliberate indifference. First, the court found that Pierce's job responsibilities did not include handling medical complaints, so he could not be deliberately indifferent for diverting Dahlk's request to another examiner. Regarding Woomer and Friedman, the court found that the two nurses were not deliberately indifferent because they used their professional judgment to determine that Dahlk's wound was closed and not infected, and that he did not need any bandages or treatment. The court next acknowledged that "it sound[ed] bad" for Murphy not to treat Dahlk's E. coli, but concluded—given Murphy's questions about whether the presence of E. coli necessarily reflected infection—that no reasonable jury could find deliberate indifference in his decision to flag the chart and await review of the lab results by Dahlk's treating physician. Finally, regarding Sauvey, the court concluded that she had exercised her professional judgment in prescribing the antibiotic and that Dahlk presented no evidence to suggest that Sauvey's reasoning was flawed.

On appeal Dahlk insists that issues of material fact preclude summary judgment in favor of the defendants on his claim of deliberate indifference. For example, Dahlk asserts, without reference to evidence in the record, that there were disputes about his wound conditions on his second visit to the infirmary and whether Murphy actually "flagged" his chart. But Dahlk misapprehends the standard he must meet to stave off summary judgment. To avoid summary judgment, he had to produce evidence from which a reasonable jury could find not only that he suffered from an objectively serious medical condition, but also that the medical staff knew about but consciously disregarded that condition, and that he was harmed as a result. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014); *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Given the undisputed *material* facts in the record about the care he received during this episode (29 infirmary visits over 5 months), we agree that no reasonable jury could find that any of the defendants consciously disregarded a serious medical condition. We have considered Dahlk's remaining contentions but none warrants further comment.

---

[1] Dahlk conceded at summary judgment that he had not exhausted his administrative remedies against Smith, and thus the district court dismissed the claim against her without prejudice. Dahlk does not challenge this on appeal.

Finally, Dahlk has filed a self-styled "Petition for Writ of Mandamus," in which he asks us to strike the appellees' brief and enter a default judgment in his favor because the appellees misrepresented the date on their certificate of service regarding when they mailed him their brief. We deny his request. After the appellees' counsel acknowledged the error, we invited Dahlk to file a new reply brief. He declined the invitation, and he has failed to identify any actual harm that he suffered as a result of the misrepresentation.

AFFIRMED.