**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 14, 2015[*]
Decided April 14, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 14-1857

| | |
|---|---|
| BEVERLY THOMPSON and ROBERT ROCK, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 C 4425 |
| GREGORY P. RUDDY, et al., *Defendants-Appellees*. | Harry D. Leinenweber, *Judge*. |

**O R D E R**

Beverly Thompson and Robert Rock, successive owners of a property in the City of Joliet, sued the City and two of the City's employees over alleged civil-rights violations in connection with a suit by the City to enforce its ordinances. The City and its employees prevailed in this federal action, in part on the pleadings and in part at summary judgment. Thompson and Rock contend in this appeal only that they were

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

not afforded an adequate opportunity during discovery to pursue their claims. We affirm the judgment.

According to the complaint Gregory Ruddy, a civil engineer with the City, accused Thompson of placing fill on her property without the necessary permits. That ordinance violation was prosecuted, ultimately unsuccessfully, by Mary Kucharz, a lawyer for the City. Thompson and Rock responded to the ordinance-enforcement proceeding by filing this federal lawsuit, in which they sought relief against Ruddy and Kucharz under 42 U.S.C. § 1985(3), asserting they conspired to deprive the plaintiffs of equal protection due to their economic class, and the City of Joliet under 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978), asserting that the City failed to supervise Ruddy and Kucharz. They also brought a supplemental malicious-prosecution claim against all defendants.

The district court screened the complaint, *see* 28 U.S.C. § 1915(e)(2)(B), and allowed the plaintiffs to proceed on their malicious-prosecution and *Monell* claims, and only against Ruddy and the City. (Kucharz was dismissed from the suit on grounds of absolute prosecutorial immunity.) The court dismissed the plaintiffs' claim under § 1985 because they alleged only a conspiracy to discriminate against them based on socioeconomic status, which is not an actionable basis for a claim under § 1985. Several months later, in June 2012, the court, on the defendants' motion, dismissed the malicious-prosecution claim insofar as it related to Rock because the ordinance-enforcement proceeding had been brought only against Thompson.

After the defendants moved for summary judgment on the remaining claims in November 2012, Thompson and Rock, citing FED. R. CIV. P. 56(d), sought additional time for discovery, asserting generally that they were, at that time, unable to respond adequately to the defendants' statement of facts. The district court agreed to provide the plaintiffs an additional month to secure counsel or respond to the defendants' motion. After that deadline passed, the plaintiffs asked for, and received, four more extensions of time—totaling 11 additional months—in which to conduct discovery.

In March 2014 the district court granted summary judgment to the defendants. The undisputed evidence, the court concluded, showed no malice behind the ordinance-enforcement proceeding, vitiating any claim of malicious prosecution. Nor did the record contain any evidence that Thompson and Rock had been treated differently by the City for an irrational or impermissible reason; without an underlying constitutional violation, the court continued, the City was not liable under *Monell*.

On appeal the plaintiffs contend only that the district court erred by not giving them sufficient time for discovery. Summary judgment is improper if the non-moving party has not had a "fair opportunity" to conduct whatever discovery is necessary to rebut the factual basis of the motion. *Grayson v. O'Neill*, 308 F.3d 808, 815 (7th Cir. 2002); *see Celotrex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). But district judges have wide latitude in managing discovery and determining whether a party has had such a fair opportunity. *See Stevo v. Frasor*, 662 F.3d 880, 886–87 (7th Cir. 2011). Thompson and Rock received all of the additional time they sought. They had the opportunity to depose key City employees, and were able to depose at least Ruddy. They provide no reason why 11 months (plus the time between the filing of defendants' answer and motion for summary judgment) did not suffice to serve upon the defendants the necessary interrogatories or requests for production, nor do they point to any specific evidence they were unable to or prevented from obtaining.

AFFIRMED.