**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2016[*]
Decided March 14, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 15-2278

| | |
|---|---|
| JOHN G. DAHLK, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 12-CV-556 |
| | |
| MICHELLE WOOMER, et al., | Rudolph T. Randa, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

John Dahlk, a Wisconsin inmate, appeals the denial of his postjudgment motion to set aside the grant of summary judgment against him in his civil-rights suit alleging deliberate indifference of prison officials. The district court denied the motion, and we affirm.

Dahlk sued several prison officials under 42 U.S.C. § 1983, asserting that they had been deliberately indifferent in treating a wound on his inner thigh. Tests revealed the presence of E. coli, for which he was prescribed a course of antibiotics. Dahlk

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

faulted medical staff for not treating the wound more aggressively and for disregarding his allergy to penicillin. The district court granted summary judgment for the defendants, and we affirmed. See *Dahlk v. Woomer*, 592 F. App'x 523 (7th Cir. 2015).

While that appeal was pending in this court, Dahlk filed a motion under Federal Rule of Civil Procedure 60(b) urging the district court to vacate its grant of summary judgment based on his claim that the proceedings were tainted by the defendants' fraud. He attached documents purportedly showing that the affidavits submitted by the defendants at summary judgment contained false statements and that the defendants had tampered with his medical records. After we denied Dahlk's first appeal, the district court denied his postjudgment motion, explaining that "there is nothing in the plaintiff's submissions that undermines or changes the outcome of the case."

In this appeal Dahlk maintains that the defendants committed perjury and doctored evidence during the underlying proceedings. But he has not shown that the district court abused its discretion in denying his motion. A party seeking to set aside a judgment under Rule 60(b)(3) must prove fraud by clear and convincing evidence, *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010), and Dahlk has fallen far short of that standard. He highlights trivial discrepancies among his medical records and defendants' assorted submissions, but none of these supposed inconsistencies constitutes clear proof of fraud.

In any event, the evidence to which Dahlk points was not newly discovered. Under Rule 60(b)(2), evidence is "new" only if it is discovered after the litigation is over and judgment has been entered. See *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). All of the documents he submitted as proof of fraud either were or could have been submitted at summary judgment.

Dahlk also argues that the district court erred by declining to strike the defendants' response to his Rule 60(b) motion based on their failure to attach a certificate of service. But we give considerable deference to a district court's decision to excuse harmless procedural mistakes, see *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011), and Dahlk himself conceded in his motion to strike that he still received a copy of the response at least three months before the district court ruled on his Rule 60(b) motion.

AFFIRMED.