**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2016[*]
Decided March 30, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-2140

| | |
|---|---|
| GLENN VERSER | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
|     *v.* | No. 07-cv-3293 |
| | |
| JEFFERY BARFIELD, et al., | Thomas P. Schanzle-Haskins, |
|     *Defendants-Appellees.* | *Magistrate Judge.* |

## O R D E R

Glenn Verser, an Illinois inmate, appeals after a jury found for the defendants on his claim of excessive force brought under 42 U.S.C. § 1983. Verser challenges the use of his discovery deposition to impeach his trial testimony, the district court's handling of the jury poll, and the racial composition of the jury venire. But Verser has not provided us with trial transcripts, which is reason enough to reject the first two contentions, and the third claim is waived because he did not timely object to the venire. We thus affirm the judgment.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Verser alleged that four guards at the Western Illinois Correctional Center held him down and punched him for "disrespecting" one of their colleagues. The case has now been tried to a jury twice. The first time Verser represented himself and lost, but we overturned that adverse verdict because the district court had excluded Verser from the courtroom when the verdict was read and thus prevented him from polling the jurors. *See Verser v. Barfield*, 741 F.3d 734 (7th Cir. 2013). On remand a magistrate judge presided by consent under 28 U.S.C. § 636(c),[1] and Verser was represented by counsel. Before returning its verdict, the jury sent a note to the court asking for permission to make a statement when announcing the verdict. After consulting the parties, the court responded that the foreperson could speak on behalf of the jury after the verdict was announced, but when the time came, the foreperson did not make a statement. The jurors then were polled, and, according to Verser, each answered affirmatively that the verdict in favor of the defendants constituted that juror's verdict, though one of them appeared upset.

On appeal Verser argues that he was denied a fair trial because the defendants impeached him with statements made during his discovery deposition. He also argues that his right to poll the jury, *see* FED. R. CIV. P. 48(c), again was violated, this time because the magistrate judge dismissed the jury without further inquiry after it was polled. Verser contends that the court should have investigated the juror's apparent distress and also questioned why the foreperson had not made a statement despite the earlier request from the jury.

But Verser has not complied with the requirements to order and arrange payment for essential trial transcripts, *see* FED. R. APP. P. 10(b), which prevents meaningful appellate review of these contentions, *Hicks v. Avery Drei, LLC*, 654 F.3d 739, 743–44 (7th Cir. 2011); *Morisch v. United States*, 653 F.3d 522, 529 (7th Cir. 2011); *RK Co. v. See*, 622 F.3d 846, 852–53 (7th Cir. 2010). Verser's pro se status does not excuse his failure to obtain transcripts, s*ee Woods v. Thieret*, 5 F.3d 244, 245 (7th Cir. 1993), and we decline to exercise our authority to order Verser to supplement the record with pertinent transcripts, *see* FED. R. APP. P. 10(e); *Learning Curve Toys, Inc. v. PlayWood Toys,*

---

[1] We are satisfied that all parties consented to proceed before the magistrate judge under § 636(c). The defendants had consented in writing, and Verser's lawyer then litigated the case without objection after being told that Verser could refuse to give consent. *See Roell v. Withrow*, 538 U.S. 580, 590 (2003); *Stevo v. Frasor*, 662 F.3d 880, 884 (7th Cir. 2011).

*Inc.*, 342 F.3d 714, 731 n.10 (7th Cir. 2003); *LaFollette v. Savage*, 63 F.3d 540, 545 (7th Cir. 1995). The district court explained to Verser the need for transcripts, and after he had filed his brief without obtaining them, the defendants in their own brief put Verser on notice that failing to secure transcripts could doom his appeal.

Verser essentially contends that the defendants' use of his deposition for any purpose would have been inappropriate because, he says, the deposition was conducted in an oppressive manner. *See* FED. R. CIV. P. 30(d)(3)(A). Verser explains that he was deposed with his hands cuffed and restrained by a "black box" device, which, he asserts, was prohibited by a medical restriction. Yet even if the circumstances gave Verser reason to protest his treatment during the deposition, his remedy was to move that the deposition be stopped or limited, not that all use be precluded. *See* FED. R. CIV. P. 30(d)(3)(B). What is more, Verser concedes that he did not object when the defendants used his deposition to impeach his trial testimony. *See* FED. R. EVID. 103(a); *Boutros v. Avis Rent A Car Sys., LLC*, 802 F.3d 918, 924 (7th Cir. 2015). And those obstacles aside, without transcripts we cannot conclude that Verser was prejudiced by the defendants' use of the deposition, even if that use somehow was improper. *See Wilson v. City of Chicago*, 758 F.3d 875, 881–82 (7th Cir. 2014) (noting that error in admission of evidence is not ground for reversal unless prejudice resulted); *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013) (same).

Similarly, we cannot meaningfully review Verser's contention that the magistrate judge should have directed the jury to resume deliberating or else ordered a new trial because one of the jurors allegedly appeared "visibly upset" and was crying. According to Verser, the juror's appearance, combined with the earlier communication received from the jury, required that the court employ one or the other remedy in Rule 48(c) of the Federal Rules of Civil Procedure. We are skeptical of finding that a district court would be required to inquire further, order further deliberations, or declare a mistrial simply because a juror was crying and the jury never made a statement that it previously had asked to make. *See United States v. McClintock*, 748 F.2d 1278, 1293 (9th Cir. 1984) (applying identically worded Federal Rule of Criminal Procedure 31(d)); *United States v. Aimone*, 715 F.2d 822, 832–33 (3d Cir. 1983) (same). And because Verser remained silent in response to the court's handling of the polling, he must establish that he was prejudiced by the lack of further action. *See Verser*, 741 F.3d at 742; *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 26 (1st Cir. 2014). That showing isn't possible without transcripts, and as the defendants point out, even Verser's assertion that one of the jurors implicitly voiced disagreement with the verdict is impossible to evaluate without a transcript of the jury poll.

Finally, Verser asserts that he was deprived of a jury venire composed of a fair cross section of the community because the pool was entirely white. Yet challenges to the racial composition of a venire must be brought "before the voir dire examination begins, or within seven days after the party discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier." 28 U.S.C. § 1867(c); *see Morro v. City of Birmingham*, 117 F.3d 508, 518–19 (11th Cir. 1997). Verser does not assert that he timely objected to the composition of the jury pool, so his appellate claim is waived. *See* 28 U.S.C. § 1867(e) ("The procedures prescribed by this section shall be the exclusive means by which … a party in a civil case may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title.").

AFFIRMED.