In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-2254

QUASIM BOLLING,

*Plaintiff-Appellant,*

*v.*

VICTOR CARTER, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12 C 3432 — **Robert M. Dow, Jr.**, *Judge.*

SUBMITTED APRIL 13, 2016—DECIDED APRIL 26, 2016

Before POSNER, RIPPLE, and HAMILTON, *Circuit Judges.*

POSNER, *Circuit Judge.* The plaintiff, a pretrial detainee at
Cook County Jail, fell and injured his back, and sued six cor-
rectional officers, contending that they had manifested de-
liberate indifference to an acute medical need, thus violating
his rights under the due process clause of the Fourteenth
Amendment. See, e.g., *City of Revere v. Massachusetts General
Hospital*, 463 U.S. 239, 244 (1983); *Jackson v. Illinois Medi-Car,
Inc.*, 300 F.3d 760, 764 (7th Cir. 2002); cf. *Estelle v. Gamble*, 429

U.S. 97, 104–05 (1976); *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002). They had refused to move him to a lower bunk even though a doctor at the jail determined that he needed to be in a lower bunk. There was no ladder to his upper bunk and because of his injury he couldn't climb up to it without a ladder and so had to sleep on the floor until his term of confinement ended and he was released from the jail. There is no suggestion that because of jail crowding or other factors it would have been infeasible to assign him to a lower bunk—or that the floor was a comfortable place for him to sleep.

The district judge granted summary judgment in favor of the defendants, precipitating the plaintiff's appeal to us. The plaintiff advances other claims against the defendants besides their refusal to assign him to a lower bunk, but those claims have no merit and do not warrant discussion.

When the plaintiff fell, which was in January 2012, he asked the defendants to find him a lower bunk. They said they couldn't do that unless he obtained a lower-bunk assignment from the jail's medical unit. He had been seen by a member of the unit right after the accident, but had not obtained (and may not in that brief encounter have sought) a lower-bunk assignment, so he needed to revisit the medical unit. It took him a month to get an appointment with a doctor, who after examining him on February 9 (the examination included an x-ray of his back) concluded that he should indeed be reassigned for medical reasons to a lower bunk. Although the jail's staff was alerted to the reassignment, the defendants did not give the plaintiff a lower bunk; nor did anyone else. So he continued to sleep on the floor. After three more weeks of this, which he claims without contradic-

tion further aggravated his back injury, his ordeal ended on March 1, when he was released from the jail.

The defendants argue that they never received an order from a doctor directing them to assign the plaintiff to a lower bunk, even after the doctor's examination of him on February 9. But the denial appears in an unsworn submission that the plaintiff contends was untruthful, which it may well have been. The doctor's order (one of only four pages of evidence attached to the plaintiff's response to the defendants' motion for summary judgment, and therefore difficult, one would have thought, for the district judge to have overlooked) kicks off with the following statement, overlooked by the defendants and the district judge, that goes some distance (though not all the way) toward establishing the plaintiff's case: "Alert CCDOC [Cook County Department of Corrections] 2/9/2012 11:36 [a.m] [the date and time of the examination], Lower Bunk [the relief ordered by the doctor]." Yet all the district judge said in granting summary judgment in favor of the defendants was that "it is undisputed that Plaintiff never received a lower bunk permit at any time while at the jail." This is doubly false. It is disputed and he did receive an order from a doctor directing that he be assigned to a lower bunk. The defendants' brief does not discuss the dispute. It denies there was a permit or a doctor's order, but does not substantiate its denial. Indeed its principal argument is that the plaintiff in opposing the motion for summary judgment violated Local Rule 56.1 (which governs motions for summary judgment) of the district court for the Northern District of Illinois. Because the plaintiff had no lawyer, the district judge did not exceed his authority in excusing the plaintiff's pleading errors. *Stevo v. Frasor*, 662 F.3d 880, 886–87 (7th Cir. 2011).

The judgment is reversed in part, with instructions to vacate the grant of summary judgment with respect to the plaintiff's claim of willful indifference to an acute medical need, but is otherwise affirmed.