NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Argued January 11, 2017
Decided January 13, 2017

Before

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 16-1689<br><br>OLIVET BAPTIST CHURCH,<br>    *Plaintiff-Appellant,*<br><br>*v.*<br><br>CHURCH MUTUAL INSURANCE COMPANY,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 13 C 1625<br>Gary Scott Feinerman, *Judge*. |

**Order**

Church Mutual issued a policy to Olivet Baptist Church, which contends that it suffered wind and rain damage from a storm on March 1, 2011, the day after the policy went into effect. The insurer concluded that the damage predated the policy and declined to pay the claim. This litigation, under the diversity jurisdiction, followed.

The district court entered summary judgment for the insurer, ruling that the Church had failed to show that weather on March 1 caused damage or made existing damage worse. 2016 U.S. Dist. LEXIS 245294 (N.D. Ill. Feb. 29, 2016). The district court treated most of the insurer's factual submissions as unopposed, because the Church failed to

contest them in the form required by Local Rule 56.1(b). We have held that the district court is entitled to enforce that rule in precisely the way it enforced the rule in this litigation. See, e.g., *Flint v. Belvidere*, 791 F.3d 764, 767 (7th Cir. 2015); *Stevo v. Frasor*, 662 F.3d 880, 886–87 (7th Cir. 2011); *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635 (7th Cir. 2008). Yet the Church's appellate brief ignores those decisions, even though the district judge cited them. Indeed, it ignores the local rule and does not mention the principal reason the Church lost in the district court. The Church's reply brief continues to ignore the rule, though the Church does ask us to bypass the subject "in light of all principles of equity and justice." That approach is doomed. An appellant must engage head on the reasons it lost in the district court. It cannot hope that the issues will go away. We have held that district courts may enforce their local rules on how the summary-judgment process is structured. No more need be said to resolve this appeal.

Bending over backward, the district court looked at the expert reports submitted by the Church, just to assure itself that no injustice was being committed. It found that one of the Church's expert witnesses had not presented any opinion on the vital causation question, and that the other expert, who first examined the property in 2015, lacked both relevant experience and a reliable basis for concluding that events of March 1, 2011, had caused the damage. None of these conclusions is clearly erroneous or an abuse of discretion.

AFFIRMED