NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 3, 2019[*]
Decided June 4, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-1163

| | |
|---|---|
| GREGORY WAYNE KOZLOWSKI, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 16-cv-478-wmc |
| | |
| GREGORY VAN RYBROEK, *et al.*, | William M. Conley, |
| *Defendants-Appellees*. | *Judge*. |

# O R D E R

Administrators at a mental-health facility in Wisconsin suspected that Gregory Kozlowski, an involuntarily committed patient, was involved in a group effort to escape. To prevent further attempts, the administrators restricted his outgoing mail. Seeking damages from them, Kozlowski invoked 42 U.S.C. § 1983 to assert that the restrictions violated the First Amendment. The district court ruled that the defendants

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

were entitled to qualified immunity. Because the administrators did not violate a clearly established federal right, we affirm.

Guards at Mendota Mental Health Institute discovered in July 2014 holes cut in the fences surrounding the facility. Administrators suspected that Kozlowski was working with others outside the facility to escape. He appeared nervous the day before the holes were discovered when speaking to a visitor who commented on the fences. The visitor was a former patient at another state institution who had been involuntarily committed for property crimes and was on conditional release. When police questioned the visitor, he gave inconsistent stories about his return home from the visit. Moreover, staff at Mendota later found knives and wire cutters in a courtyard outside the window of another acquaintance of Kozlowski's; the acquaintance had a history of successful escapes from prison. To prevent an escape attempt, Mendota's director banned Kozlowski from virtually all contact with outsiders—this meant no incoming and outgoing calls, mail, or visitors (except for legal communications). He also was transferred to a maximum-security unit.

Over the next year, administrators regularly reviewed the no-contact restrictions and gradually relaxed them. Two weeks after the holes were discovered, the administrators permitted Kozlowski to make two monitored calls per week to his brother. A few months later, administrators eased the restrictions again so that Kozlowski could receive mail from family and businesses, and soon after that they allowed Kozlowski to send mail to family and businesses. By March 2015, the only outstanding restriction on Kozlowski's communications was a ban on mail to and from persons confined in Wisconsin prisons, jails, and other state institutions.

Dissatisfied, Kozlowski sued the administrators for violating the First Amendment. He sought to enjoin the remaining restrictions on his mail and obtain damages for the restrictions he had endured. At the summary-judgment stage, the district court enjoined the ban on Kozlowski's mail to confined persons. Applying *Procunier v. Martinez*, 416 U.S. 396, 413 (1974) (assessing the constitutionality of a rule blocking an inmate's outgoing mail by asking whether it is "greater than is necessary"), the court ruled that the restriction violated the First Amendment. It reasoned that the restriction was greater than necessary to promote security because other means, such as allowing mail to a preapproved list of recipients, were available. The court concluded, however, that the administrators were entitled to qualified immunity because the standard governing outgoing-mail restrictions for civil detainees was uncertain.

On appeal, Kozlowski challenges the ruling that the administrators are entitled to qualified immunity. He argues that the defendants violated his clearly established right to send mail. He relies heavily on WIS. STAT. § 51.61(1)(cm)(1) ("A patient shall also have a right to send sealed mail … to … other persons …."). Kozlowski does not contest the district court's ruling as it applies to the restrictions on visitors or phone calls, so we say nothing more about those restrictions.

Kozlowski cannot demonstrate that the defendants violated a clearly established federal right. Government officials receive qualified immunity from damages when their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"—the right must be defined with "specificity" at the time of the events. *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019) (quoting *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam)). "Violations of state laws do not abrogate an official's qualified immunity from suit for violation of federal constitutional rights." *Stevens v. Umsted*, 131 F.3d 697, 707 (7th Cir. 1997) (quoting *Kompare v. Stein*, 801 F.2d 883, 888 n.6 (7th Cir. 1986)). Therefore, Kozlowski cannot use WIS. STAT. § 51.61 to defeat the defendants' qualified immunity.

Focusing on federal law, the defendants argue that the outgoing-mail restriction was constitutional. We need not resolve the constitutionality of the restriction to decide the issue of qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). As the district court correctly observed, when the defendants blocked Kozlowski's mail, the case law did not specifically establish which of two standards governed the constitutionality of the restriction. The older standard, and the one that the district court used, is from *Martinez*, 416 U.S. at 413. As we mentioned earlier, *Martinez* scrutinized the potential overbreadth of restrictions on prisoners' outgoing mail and required that they be "no greater than is necessary." The other standard, from *Turner v. Safley*, 482 U.S. 78, 89–91 (1987), might sustain the restriction. *Turner* expanded deference to prisons and generally permits restrictions that are rationally related to objectives like security. *See id.* In enjoining the restriction on outgoing mail, the district court thought that this court's ruling in *Koutnik v. Brown*, 456 F.3d 777 (7th Cir. 2006) (upholding prison's decision to block mailing of a swastika), favored applying *Martinez* to this case.

But later decisions cloud the issue. We explained in 2012 that *Turner* might apply to all First Amendment restrictions on civil detainees. *See Lane v. Williams*, 689 F.3d 879, 884 (7th Cir. 2012) (ban on pornography). And in 2015, when Kozlowski's mail restrictions were in place, we ruled that "*Turner's* rational-relationship test provides the appropriate structure to analyze" civil detainees' claims under the First Amendment.

*Brown v. Phillips*, 801 F.3d 849, 853 (7th Cir. 2015) (restrictions on video games). Because of this uncertainty in the scrutiny and deference that apply to the mail restrictions here, the district court correctly extended qualified immunity. *See Kisela*, 138 S. Ct. at 1152.

Finally, Kozlowski asserts that he was denied an opportunity for discovery. But he never asked for nor attempted discovery, so no reversible error occurred. *See Stevo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011).

AFFIRMED